**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2543

UNITED STATES,

Appellee,

v.

MICHAEL WELLS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Dana A. Curhan and Roger Witkin on brief for appellant.
Jennifer Hay Zacks, Assistant United States Attorney, and
Michael J. Sullivan, United States Attorney, on brief for appellee.

September 13, 2006

**Per Curiam**.  In June 2004, a jury convicted Michael Wells of conspiracy and importation of a controlled substance.  Wells had orchestrated a scheme wherein he recruited women to fly from Massachusetts to Jamaica, ingest pellets of cocaine, and then return to the United States and expel the pellets for Wells to sell.  The district court sentenced Wells to a term of 169 months in prison, to be followed by 96 months of supervised release.  In calculating this sentence, the court applied two enhancements to Wells's offense level: a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a dangerous weapon and a four-level enhancement under § 3B1.1(a) for being the organizer or leader of a criminal activity that involved at least five people or was otherwise extensive.  In this appeal, Wells argues that the district court erred in applying these two enhancements.

The district court applied the dangerous-weapon enhancement based on the testimony of two women whom Wells had sent to Jamaica to procure cocaine.  The women testified that, while in Wells's apartment, they had seen Wells remove a handgun from his pants and place it under a plant, near the refrigerator where Wells stored cocaine.  One of the women asked Wells why he had the gun, and he responded that it was for his protection.  At the sentencing hearing, Wells protested that the gun could have been a replica, but the court declared itself satisfied that the two women correctly identified the gun as an actual weapon.  It also

concluded that Wells possessed the weapon in connection with the offense conduct, that is, the cocaine conspiracy.

This court reviews factual findings supporting a district court's imposition of a sentence under the Sentencing Guidelines for clear error. United States v. Meada, 408 F.3d 14, 24 (1st Cir. 2005). We find no such error in the district court's conclusion that Wells possessed a functioning firearm rather than a replica. The court explicitly stated that it found the two women to be generally credible witnesses. The mere factual possibility that the gun Wells concealed in the plant was a replica does not render the court's finding clearly erroneous, especially since that finding need be supported by only a preponderance of the evidence. See United States v. Holliday, 2006 U.S. App. LEXIS 19431 (1st Cir. Aug. 2, 2006). Wells also contends that the firearm, even if real, was not sufficiently connected with his criminal offense to warrant application of the two-level enhancement. Application Note 3 to § 2D1.1 indicates that the dangerous-weapon enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n.3. This means that the defendant must have "possessed the weapon during the currency of the offense, not necessarily that he actually used it in perpetrating the crime or that he intended to do so." United States v. McDonald, 121 F.3d 7, 10 (1st Cir. 1997). Here, Wells kept a handgun in his apartment, hidden in a plant pot

very near to his stash of cocaine, and he told his co-conspirators that the weapon was for his protection. The district court did not clearly err in deeming the dangerous-weapon enhancement applicable.

Wells also challenges the district court's application of a four-level enhancement under § 3B1.1(a), which calls for such an increase "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." On appeal, Wells argues that the enhancement is inappropriate because the relevant criminal activity involved only four people. Before the district court, however, Wells did not raise this argument. We therefore review the objection for plain error. United States v. Connolly, 341 F.3d 16, 31 (1st Cir. 2003). Our review of the facts leaves little doubt that the cocaine importation scheme involved at least five people: Wells himself; the two women who served as smugglers, Leeann Leanna and Jennifer Chicklis; a woman named Pauletta who picked up Leanna and Chicklis in Jamaica and provided them with cocaine; and an unnamed man who drove Leanna to the airport in Boston so she could fly to Jamaica. The district court also found the cocaine conspiracy "otherwise extensive" since it involved the international smuggling of contraband. We see no error, plain or otherwise, in these conclusions.

The defendant's sentence is **affirmed**.